1
2
3
4
5
6          **UNITED STATES DISTRICT COURT**

7              **DISTRICT OF NEVADA**

8

9    SCOTTIE RAY VAN NORT,              )
                                         )
10                      Plaintiff,       )          **3:09-cv-00110-RCJ-RAM**
                                         )
11   vs                                  )
                                         )          ORDER
12   GLEN FAIR, et al.,                  )
                                         )
13                      Defendants.      )
     _____ )
14
               Plaintiff, an inmate at the  Nevada State Prison,  is proceeding *pro se*  and *in forma*
15
     *pauperis* in this civil rights action pursuant to 42 U.S.C. Section 1983. Pending before the court is
16
     plaintiff's motion to file a longer than normal complaint (docket #13) and his proposed amended
17
     complaint filed July 16, 2010.
18
     **I.     Screening Standard Pursuant to 28 U.S.C. § 1915A**
19
               The court must screen plaintiff's complaint pursuant to 28 U.S.C. §1915A.  Federal
20
     courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a
21
     governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its
22
     review, the court must identify any cognizable claims and dismiss any claims that are frivolous,
23
     malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a
24
     defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however,
25
     must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).  To
26

1    state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right
2    secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation
3    was committed by a person acting under the color of state law.  *See West v. Atkins,* 487 U.S. 42, 48
4    (1988).

5    In addition to the screening requirements under § 1915A, pursuant to the Prisoner
6    Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of
7    poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may
8    be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.
9    § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is
10   provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under
11   Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

12   Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*
13   *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim
14   is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that
15   would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making
16   this determination, the Court takes as true all allegations of material fact stated in the complaint, and the
17   Court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp*., 74 F.3d
18   955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint are held to less stringent standards than
19   formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404
20   U.S. 519, 520-21 (1972) (*per curiam*).

21   All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the
22   prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal
23   conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of
24   infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual
25   allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989);
26   *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Screening Discussion**

    A.     <u>Defendants</u>

Plaintiff names various defendants in this action, including the Carson City Board of Commissioners in its official capacity.  A municipality may be held liable under a claim brought under § 1983 only when the municipality inflicts an injury, and it may not be held liable under a respondeat superior theory. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).  Thus, plaintiff must present facts which demonstrate that the Board of Commissioners acted affirmatively to cause his injuries.  A review of the complaint shows that he has failed to make such a showing.  The Board of Commissioners of Carson City shall be dismissed from this action with prejudice.

    B.     <u>Claims for Relief</u>

Plaintiff raises claims related to three separate periods of time during which he was detained in the Carson City Jail as a pretrial detainee: July 8, 2008 through August 15, 2008, October 11, 2008 through November 5, 2008, and November 13, 2008 through November 18, 2008.

<u>Counts One, Six and Eleven</u>

In counts one, six, and eleven, plaintiff complains his due process rights were violated when defendants held him in an isolation cell and subjected him to treatment intended to constitute punishment.  He claims he was denied a bed or other furniture, regular exercise, cleaning supplies, frequent clean clothes, regular showers and shaves, and was afforded no privacy for use of the toilet, all without due process.  He contends as a result of this punitive setting he suffered emotional pain, depression, and some physical injury or illness, such as athlete's foot and cracking feet.  These facts set out a potential claim related to the conditions of his confinement.

"Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing [a plaintiff's] claims'." *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (Rehnquist, C.J., for plurality) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).  Therefore, plaintiff's claims will be analyzed under the Eighth Amendment right

to be free from cruel and unusual punishment rather any generalized notions of substantive due process under the Fourteenth Amendment.  A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan,* 511 U.S. 825, 847 (1994).  In this instance, the key factors require plaintiff to demonstrate that he faced a "substantial risk of serious harm."  He has not done so because the Prison Litigation Reform Act requires a prior showing of physical injury before a Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotions injury while in custody." 42 U.S.C. § 1997e(e).  This provision "requires a showing of physical injury that need not be significant but must be more than *de minimus.  Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).

Here in count one, plaintiff alleges *de minimus* physical injuries such dry skin leading to cracked feet and a fungal infestation.  In count six he alleges muscle atrophy from lack of exercise.  In count eleven he alleges severe clinical depression requiring medication.[1]  These injuries are *de minimus* or not directly arising from the conditions of his confinement.  Thus, counts one, six, and eleven shall be dismissed.

Counts Two, Seven and Twelve

In counts two, seven, and twelve, plaintiff alleges due process violations in the three separate time-frames identified herein because he was placed in an isolation cell as a disciplinary sanction for "alleged rule violations" without due process. He contends he was denied fair notice of the charges against him, denied substitute counsel to assist with his defense, denied witnesses, refused an impartial hearing officer, denied a written statement of the decision, denied access to investigation reports, and that the appellate review was faulty.

---

[1] In count eleven, plaintiff alleges the medication to treat his depression was improperly dispensed by deputies causing him to pass out, fall down, and cut his face.  While this may be more than a *de minimus* injury, it does not arise from the conditions of his confinement, as described in count eleven.

4

1    In prison disciplinary matters, the minimum requirements of procedural due process

2  include: advance written notice of the claimed violation and a written statement of the factfinders as to

3  the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S.

4  539, 563 (1974).  Additionally, an inmate facing disciplinary proceedings should be allowed to call

5  witnesses and present documentary evidence in his defense "when permitting him to do so will not be

6  unduly hazardous to institutional safety or correctional goals." *Id.* at 566.  Plaintiff shall be permitted

7  to proceed as to counts two, seven, and twelve against defendants Fair and Wall, Sgt. Does 1, 2, 3 and

8  4, and Deputy Does 1 and 4.

9                    Counts Three and Eight and Fifteen

10    Next, in counts three, eight and fifteen plaintiff alleges a denial of his Sixth Amendment

11  right to counsel because the location of his cell in relation to the jail telephones inhibited his ability to

12  speak privately with his criminal defense counsel.

13    The Sixth Amendment guarantees the effective assistance of counsel for a criminal

14  defendant facing potential imprisonment.  *Strickland v. Washington,*  466 U.S. 668 (1984).  This

15  guarantee requires that the attorney perform to a certain level in a criminal representation.  It does not,

16  however, guarantee the criminal defendant that he will be allowed to speak with his attorney via the

17  telephone at any time he desires.  *See e.g., Morris v. Slappy,* 461 U.S. 1, 14 (1983) (the right to counsel

18  does not include the right to a meaningful attorney-client relationship.) Moreover, plaintiff has not stated

19  that he was foreclosed from speaking with his attorney privately when the attorney visited him or made

20  arrangements to speak with him in person.  Moreover, *Strickland* requires a showing that counsel's poor

21  performance prejudiced his criminal defense.  Plaintiff has not made such a showing.  Thus, plaintiff has

22  not stated a claim for relief under the Sixth Amendment in counts three and eight and those counts shall

23  be dismissed.

24  ///

25  ///

26  ///

5

1              Counts Four, Nine and Thirteen

2              In these counts, plaintiff alleges he was denied his First Amendment right to meaningly

3   access to the courts where defendants failed to provide him with legal research or reference materials

4   which would allow him to bring his various federal civil rights actions.

5              Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343

6   (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *cert. denied*, 488 U.S. 869 (1988). The right that

7   *Bounds* confirmed was not the right to a law library or legal assistance; rather "the right that Bounds

8   acknowledged was already well-established, the right of access to the courts." *Lewis*, 518 U.S. at 349.

9   To establish a claim for any violation of the right of access to the courts, the prisoner must prove that

10  there was an inadequacy in the prison's legal access program that caused him an actual injury. *See id*.

11  To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered

12  his efforts to pursue a nonfrivolous claim concerning his conviction or conditions of confinement. *Id.*

13  at 351.

14             Here, plaintiff acknowledges that with perseverance, he was able to file at least one

15  federal civil rights actions to contest the conditions of his confinement - this action being another.[2]

16  Being denied access to a law library or legal reference materials for a short periods of time, such at the

17  25 days identified in count nine, is not denial of access to the courts. Plaintiff has not shown that any

18  of his cases were dismissed with prejudice or that he has lost any claims or causes of action because of

19  the inability to access reference materials. These facts do not state a claim for relief and counts four,

20  nine, and thirteen shall be dismissed.

21  ///

22

23             [2] The Court takes judicial notice of its own docket and notes here that plaintiff has filed
24  numerous actions with the court attempting to state a claim against the various defendants identified in
    this matter arising from his pretrial detention in the Carson City Jail in 2008. For example plaintiff has
    commenced case numbers 3:08-cv-00689-ECR-VPC; 3:09-cv-0041-BES-RAM; 3:09-cv-00420LRH-
25  RAM; 3:09-cv-00059-LRH-VPC; 3:09-cv-00109-RCJ-RAM; and this instant action, 3:09-cv-00110-
    RCJ-RAM. The status of the actions varies, but several have been dismissed without prejudice for
26  plaintiff's failure to pay the filing fee or make proper application to proceed in *forma pauperis*. At least
    three are awaiting amendment of the complaint and screening.

1      Counts Five and Ten

2      In these two counts, plaintiff alleges his rights under the Eighth Amendment's prohibition

3 against cruel and unusual punishment were violated because he was denied proper dental care for a

4 fractured tooth which resulted in extreme pain and the inability to eat.  In count six Plaintiff blames

5 defendants John Doe #2 and #3 for their intentional disregard for the doctor's order to schedule plaintiff

6 with a dental appointment and defendant David Ramsey, the physician who wrote the order, for failing

7 to ensure it was followed.  In count ten, plaintiff contends that defendants Fair and Wall are responsible

8 for placing him in the uncomfortable conditions described in previous counts.

9      To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

10 conditions must involve the "wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S.

11 337, 347 (1981).   Generally, a prison's "obligation under the Eighth Amendment is at an end if it

12 furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and

13 personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982).  A prison official violates the

14 Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively,

15 sufficiently serious, *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *citing Wilson v. Seiter*, 501 U.S.

16 294, 298 (1991), and (2) the prison official  possesses a sufficiently culpable state of mind.  *See id*.

17 (*citing Wilson*, 501 U.S. at 297).  In prison-condition cases the necessary state of mind is "deliberate

18 indifference." *See Helling v. McKinney*, 509 U.S. 25, 32-33(1993) (inmate health);  *Wilson*, 501 U.S.

19 at 302-03 (general conditions of confinement);  *Estelle  v. Gamble*, 429 U.S. 97, 104 (1976) (inmate

20 health).

21      Plaintiff has stated a claim against Ramsey and John Does #2 and #3.  He has not,

22 however stated a claim here against defendants Fair and Wall as he fails to show that the fact he was

23 being housed in the isolation resulted in the denial of dental care.  Counts five and ten may proceed.

24 Defendants Fair and Wall are dismissed from count ten.

25 ///

26 ///

Count Fourteen

In this claim for relief, plaintiff alleges the conditions of his confinement were further diminished when defendants Lee and Collazo placed him in a safety cell as punishment for "disciplinary violations" without due process.  He further alleges that defendant Mays was aware of and sanctioned this placement.

A pretrial detainee's rights to due process in disciplinary proceedings rests on his liberty interest in remaining free from restraint which "imposes atypical and significant hardship on the inmate in relations to the ordinary incidents of prison life." *Sandin v. Connor,* 515 U.S. 472, 484 (1995).  Here plaintiff says he was placed in the safety cell for a single day prior to disciplinary charges, but "for behavior which amounts to a disciplinary violation."  These facts do not represent atypical and significant hardships, particularly due to the short duration of the deprivation and the admission that plaintiff's behavior precipitated the placement.  Count fourteen shall be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's motion to file longer complaint (docket #13) is **GRANTED.**  The Clerk shall detach and file the amended complaint.

**IT IS FURTHER ORDERED** Counts One, Three, Four, Six, Eight, Nine, Eleven, Thirteen and Fourteen are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that defendants Carson City Board of Commissioners, Furlong, Mays, Lee, Collazo and John Doe Policy-Maker are **DISMISSED FROM THE ACTION WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Amended Complaint shall proceed on Counts Two, Five, Seven, Ten, and Twelve against defendants Fair, Wall, Ramsey, Sgt. Does #1, #2, #3, and #4; and Deputy Does #1, #2, #3, and #4.

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2.  The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants.  As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3.  If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s).  Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4.  If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation.  If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5.  The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

DATED this 19th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE

9

```
_____
Name
_____
Prison Number (if applicable)
_____
Address
_____
_____
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| _____, | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF INTENT TO** |
| _____ | ) | **PROCEED WITH MEDIATION** |
| _____ | ) | |
| Defendants. | ) | |
| _____ | ) | |

        This case may be referred to the District of Nevada's early inmate mediation program.  The purpose of this notice is to assess the suitability of this case for mediation.  Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.      Do you wish to proceed to early mediation in this case? ____ Yes  ____ No

2.      If no, please state the reason(s) you do not wish to proceed with mediation? _____

        _____

        _____

        _____

3.      List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

        _____

1    _____

2    _____

3    4.   List any and all cases, including the case number, that are currently pending or any pending
         grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

4    _____

5    _____

6    _____

7    _____

8    5.   Are there any other comments you would like to express to the court about whether this case is
         suitable for mediation.  You may include a brief statement as to why you believe this case is

9        suitable for mediation.  (Attach additional pages if needed).

10   _____

11   _____

12   _____

13   _____

14   **This form shall be filed with the Clerk of the Court on or before thirty (30) days from the
     date of entry of this order.**

15

16       Counsel for defendants: By signing this form you are certifying to the court that you have

17   consulted with a representative of the Nevada Department of Corrections concerning participation in

18   mediation.

         Dated this _____ day of _____, 2010.

19

20

21                                            _____
                                              Signature
22

23                                            _____
                                              Name of person who prepared or
24                                            helped prepare this document

25

26

                                              11